UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PADGETT BROTHERS LLC, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:10-cv-00858-RLY-DML |
| A.L. ROSS & SONS, INC., | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION TO ALTER/AMEND JUDGMENT**

Plaintiff, Padgett Brothers LLC ("Padgett Brothers"), is the owner of property contaminated by the type of chlorinated solvents typically used in dry cleaning. Padgett Brothers filed the present lawsuit against A. L. Ross & Sons, Inc. ("Ross"), a prior owner of the property that operated such a business, under the Comprehensive Environmental Response Compensation and Liability Act, 24 U.S.C. § 9601 *et seq.*, ("CERCLA") and the Indiana Environmental Legal Actions statute ("ELA"). On September 3, 2013, the court granted summary judgment in favor of Padgett Brothers as to liability only. (Filing No. 90). The court held a hearing on damages on November 19, 2013, and entered its Findings of Fact and Conclusions of Law (the "Entry") on July 16, 2014. (Filing No. 113). Ross now requests that the court alter or amend the Entry. In support, Ross argues that the court did not make any findings of fact or conclusions of law regarding its non-party defense raised in response to the ELA claim. For the reasons set forth below, the court **DENIES** Ross's motion.

1

## I. Standard

A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence or if the movant clearly establishes a manifest error of fact or law. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). For new evidence to be considered, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

## II. Discussion

Ross contends that the court failed to set forth proposed findings of fact and conclusions of law regarding Ross's non-party defense under the ELA.[1] Ross included this defense in its Second Amended Answer to the Complaint (Filing No. 84, at ECF p. 5) and its Trial Brief setting forth proposed findings of fact and conclusions of law. (Filing No. 100, at ECF pp. 1, 9-10; Filing No. 111, at ¶¶ 17-19. In response, Padgett Brothers

---

[1] The ELA specifically provides for the non-party defense. A nonparty is defined as "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." Ind. Code § 34–6–2–88. The statute no longer requires that the non-party be liable to the plaintiff. *Bulldog Battery Corp. v. Pica Investments, Inc.*, 736 N.E.2d 333, 338 (Ind. Ct. App. 2000). "The burden of pleading and proving a nonparty defense is upon the defendant." *Id.* (citing Ind. Code § 34-51-2-15).

argues that the court's language on page 20 of the Entry considered the non-party defense. Those findings are as follows:

> 79. Ross has not set forth any evidence for the court to make this calculation. Though it relies on time-on-the-site apportionment, it did not produce enough evidence to establish when Norge Dry Cleaning began operations or when it ceased. The court cannot make a time-based calculation without a start and end date.
>
> 80. Ross also failed to produce evidence comparing the periods of operation by Ellison and Ross as to potential PCE leakage and use. Ross did not present any evidence regarding the amount of PCE used, the volume of laundry cleaned, the leakage rates or spills during these periods, or any other factual basis for the court to apportion the damages; rather, Ross relies simply on a guesstimate of when operations were conducted by Ross and Ellison.
>
> 81. Accordingly, Ross failed to meet its burden in presenting a reasonable factual basis for apportionment. (citation omitted).

(Filing No. 113, at ECF p. 20 ¶ 80). Ross replies that apportionment and the non-party defense are distinct concepts. Additionally, Ross claims that it met this burden and should be required to only pay 40% of the damages, because the court found that the Ellisons, who operated the dry cleaning business before Ross, are people who caused or contributed to the pollution on the property.

The court agrees with Ross that the concepts are distinct; however, the court finds that it addressed the non-party defense in Paragraph 94 when it stated, "Ross may still seek contribution from the Ellisons or any other responsible party to the contamination of the Site, but the court will not decide what percent is attributable to those non-parties at this time." (Filing No. 113, at ECF p. 26). The court did not decide the percent attributable to the parties, because Ross did not present sufficient evidence for it to

determine such a percent. Ross, who has the burden of proof on the non-party defense, failed to offer any evidence from which the court can determine the extent of such contribution. In fact, Ross's own expert stated "there are no facts or other evidence provided in the record to estimate or understand – quantitatively or qualitatively – the nature or the magnitude of any release(s) of PCE to the subsurface beneath the site during any particular period of time." (Flavin Expert Report, Trial Ex. 27). Rather, Ross simply asked the court to divide up the responsibility based on the number of years each party operated the dry cleaning business. The court was and remains unwilling to apportion fault based solely on this information.

Additionally, such a determination was unnecessary because the damages awarded fell under both CERCLA and the ELA. (Filing No. 113, at ECF p. 28 ¶¶ 102-103). Under CERCLA, the court held that it could not apportion the damages, and thus, Ross is responsible for the entirety of the damages regardless of the non-party finding. (Filing No. 113, at ECF p. 18 ¶ 76).

Therefore, the court need not alter or amend its Findings of Fact and Conclusions of Law. Defendant's motion (Filing No. 115) is **DENIED**.

**SO ORDERED** this 30th day of September 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.