UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PADGETT BROTHERS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:10-cv-00858-RLY-DML |
| | ) |
| A.L. ROSS & SONS, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON ATTORNEYS' FEES**

Plaintiff, Padgett Brothers LLC ("Padgett"), is the owner of property contaminated by the type of chlorinated solvents typically used in dry cleaning. Padgett filed the present lawsuit against A. L. Ross & Sons, Inc. ("Ross"), a prior owner of the property that operated such a business, under the Comprehensive Environmental Response Compensation and Liability Act, 24 U.S.C. § 9601 *et seq*., ("CERCLA") and the Indiana Environmental Legal Actions statute ("ELA"). On September 3, 2013, the court granted summary judgment in favor of Padgett as to liability only. (Filing No. 90). The court held a hearing on damages on November 19, 2013, and entered its Findings of Fact and Conclusions of Law (the "Entry") on July 16, 2014. (Filing No. 113). The court ordered briefing on the issue of attorneys' fees, which has now been completed. For the reasons set forth below, the court **GRANTS in part and DENIES in part** Padgett's request for attorneys' fees.

**I.**     **Discussion**

Padgett seeks the recovery of $363,910.94 in attorneys' fees and costs plus $44,784.80 in interest for a total of $408,695.74 pursuant to the ELA and CERCLA. Ross does not contest the reasonableness of the fees, but rather whether the fees are recoverable under the pertinent statutes. The court will first address the ELA as it is broader in scope and then turn to CERCLA.

### A. Recovery under the ELA

The ELA specifically authorizes the recovery of attorneys' fees in an environmental legal action so long as they are reasonable. *See* Ind. Code § 13-30-9-3(a)(6). Ross recognizes this, but argues that the fees are limited to those incurred in prosecuting the ELA action. Therefore, Ross argues that the court should reduce the fees by the amount related to dealing with IDEM and then by half or more to account for the two-count litigation. Finally, according to Ross, the amount should then be reduced by the amount attributable to the Ellisons, pursuant to Ross's non-party defense.

#### 1. IDEM

According to Ross, Padgett seeks to recover approximately $20,196.00 in fees stemming from Padgett's dealings with the Indiana Department of Environmental Management ("IDEM"), enrolling in the Voluntary Remediation Program, and subsequently entering into a Voluntary Remediation Agreement ("VRA") with IDEM. Ross argues that these fees are not recoverable under the ELA because the statute only provides for fees incurred in prosecuting the claim. Padgett responds that Ross's suggested interpretation is incorrect; rather, it is part of the response and recovery costs. The court agrees with Padgett.

The ELA provides for recovery of the costs of removal and remedial action. The purpose of the VRP is to "provide a process for property owners, operators, potential purchasers, and third parties to voluntarily address (by investigating and, if necessary, remediating) property that is or that may be contaminated." http://www.in.gov/idem/files/remediation_program_guide_chap_8.pdf. Padgett's dealing with IDEM and enrollment into the VRP clearly consisted of remedial actions and thus are costs that can be allocated among the parties under the ELA. In evaluating the factors in Indiana Code § 13-30-9-3, the court finds that allocating the costs to Ross is appropriate as it was the only party to this lawsuit to have control over the property during the time of contamination. Thus, the court finds that these fees are recoverable under the ELA.

### 2. Fees Pertaining to ELA versus CERCLA

Ross argues that the fees awarded to Padgett should be cut in half or more because they are not solely attributable to the ELA claim. As Ross states, when a statute authorizes attorneys' fees for recovery under one cause of action, but not another, a court should only authorize reimbursement of fees incurred in pursuing that one cause of action that allows for such fees. *See Shell Oil v. Meyer*, 684 N.E.2d 504, 524 (Ind. Ct. App. 1997), summarily aff'd in relevant part by *Shell Oil v. Meyer*, 705 N.E.2d 962, 981 (Ind. 1998). Ross, however, fails to note that when an overlap between the two causes of action occurs, the Court determined "[it] would not disallow compensation for the attorney's fees earned and costs expended." *Id.* Only those fees that are incurred

working exclusively on the causes of actions not providing for fee recovery are prohibited. *See id.*

Padgett thus argues that all of the fees fall into this overlapping exception because CERCLA and the ELA are so closely related. The court agrees with Padgett that there is the potential for much overlap between the two claims. As the court previously stated, Indiana's ELA statute "is analogous to CERCLA's § 107(a) cost-recovery provision." (Filing No. 90) (citing *Armstrong Cleaners, Inc. v. Erie Ins. Exch.*, 364 F. Supp. 2d 787, 813 n. 10 (S.D. Ind. 2005)). Additionally, the court found that "the analysis of [the ELA] claim is virtually the same as the analysis set forth above with respect to Padgett's CERCLA § 107(a) claim." (Filing No. 90). The court disagrees, however, that this similarity means that all attorneys' fees and expenses are recoverable under the ELA.

Ross submitted an excel spreadsheet displaying several charges beginning in May 2010 and ending in July 2014 that were CERCLA specific, which totaled $8,364.50. (Filing No. 123-1). The court, having reviewed the itemized fee statements provided by Padgett, finds that Padgett may not recover for the fees that are designated CERCLA specific. The court adopts in part Ross's chart (Filing No. 123-1) as to those fees which Padgett may not recover under the ELA with the following exceptions:

- (1) half of the Entry dated 07/23/2012 by DLH for reviewing Plaintiff's response to settlement demand and consider allocation agreement is recoverable;
- (3) all of the Entry dated 08/03/2012 by MJR for researching case law regarding evidence necessary to establish CERCLA and ELA liability; and

4

- (3) half of the Entry dated 09/25/2013 by MJR for continuing to draft Mediation Statement and research regarding CERCLA divisibility/allocation.

Therefore, the court will subtract $7,555.50 plus $50.37 in interest[1] for a total of $7,605.87 from the total amount of attorneys' fees.

### 3. Application of the Non-party Defense

The court found in its Findings of Fact and Conclusions of Law (Filing No. 113) and reemphasized in its Entry on Defendant's motion to amend/alter judgment (Filing No. 126) that Padgett failed to show to what extent the non-party is liable. The court found that Padgett is liable for the entirety and may sue the Ellisons for contribution. This conclusion also extends to the award of attorneys' fees. As such, the court will not allocate any part of the attorneys' fee award under the ELA to the Ellisons.

### B. Recovery under CERCLA

CERCLA allows for the recovery of "necessary costs of response." In 1994, the Supreme Court faced the question of whether attorneys' fees are necessary costs of response. *Key Tronic Corp. v. United States*, 511 U.S. 809, 811 (1994). In *Key Tronic*, the court evaluated three types of legal services: (1) the identification of other potentially responsible parties ("PRPs"), (2) preparation and negotiation of its agreement with the EPA; and (3) the prosecution of the litigation. *Id.* at 812. The Court concluded that "CERCLA § 107 does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." *Id.* at 819. On the other hand, the Court

---

[1] Plaintiff calculates interest at (.08)x(1/12), thus the court used that formula in determining the interest.

5

concluded that some payments made to a lawyer are recoverable under CERCLA. *Id.* at 819-20. Specifically, the Supreme Court stated:

> Some lawyers' work that is closely tied to the actual cleanup may constitute a necessary cost of response in and of itself under the terms of § 107(a)(4)(B). The component of Key Tronic's claim that covers the work performed in identifying other PRP's falls in this category. . . . [T]hese efforts might well be performed by engineers, chemists, private investigators, or other professionals who are not lawyers.

Nevertheless, the Supreme Court found that this reasoning did not extend to the negotiations between Key Tronic and the EPA that culminated in a consent decree. The Court reasoned:

> Studies that Key Tronic's counsel prepared or supervised during those negotiations may indeed have aided the EPA and may also have affected the ultimate scope and form of the cleanup. We nevertheless view such work as primarily protecting Key Tronic's interests as a defendant in the proceedings that established the extent of its liability.

Therefore, the Supreme Court found that Key Tronic could recover on the first type of attorneys' fees, but not the second or third.

With the above guidelines, lower courts must determine what types of attorneys' fees are recoverable in CERCLA actions. The Northern District of Illinois summarized lower court decisions which found the following to be recoverable:

> (1) those incurred in connection with the search for potentially responsible parties ("PRPs"); "(2) fees related to client conferences regarding site work and cleanup matters, site visits to review cleanup and conferences with technical staff; (3) fees associated with investigatory efforts to identify contaminants on the property; (4) fees related to costs of EPA monitoring or oversight of remedial action." *Sealy Connecticut, Inc. v. Litton Industries, Inc.,* 93 F. Supp. 2d 177, 190-91 (D. Conn. 2000) (internal citations omitted).

*Neumann v. Carlson Envtl., Inc.*, 429 F. Supp. 2d 946, 959 (N.D. Ill. 2006). In contrast, the court noted the following costs that courts have found to not be recoverable:

> (1) costs incurred in negotiating a consent decree with the EPA; and (2) costs of audits conducted by plaintiff committee of PRPs to review expenses charged by EPA to committee with regard to the cleanup." *Sealy Connecticut, Inc.*, 93 F. Supp. 2d at 190-91 (internal citations omitted).

*Neumann*, 429 F. Supp. 2d at 959. Here, Ross concedes that Padgett may recover approximately $2,000.00 of fees related to PRP identification work; Ross challenges that Padgett may recover approximately $20,196.00 in fees regarding activities with IDEM and VRA. Despite the fact that the court found such fees to be recoverable under the ELA, the court will consider the CERCLA argument for the sake of completeness.

Padgett argues that the following work is also recoverable under CERCLA: (1) enrolling the site into the VRP, (2) meeting with IDEM to discuss the planned site investigation and cleanup, (3) working with off-site affected property owners to gain access and sample their property, (4) commenting on the environmental consultant's "contained-in" determination request aimed at disposing of investigation-derived materials for cheaper disposal; and (5) reviewing the consultant's work plans and reports and IDEM guidance for any extraneous costs that could reasonably be avoided.

The court agrees with Padgett. The fees relating to the dealing with the IDEM and the VRA fall into those categories that courts have found to be recoverable under CERCLA. Additionally, the court finds that the purpose of the VRP is to remediate rather than to limit liability. Therefore, such dealings with IDEM in regard to the VRP and VRA are distinguishable from the consent decree in *Key Tronic*. The court finds

such costs to be necessary costs of response and thus recoverable under CERCLA and therefore recoverable.

## II.     Conclusion

In conclusion, the court finds that the attorneys' fees and expenses submitted by Padgett are reasonable, and the majority of the fees are recoverable under the ELA and/or CERCLA. The court, therefore, awards Padgett $401,089.87 in attorneys' fees and costs and **ORDERS** Ross to pay those fees. Thus, Padgett's motion for attorneys' fees (Filing No. 117) is **GRANTED in part** as to the $401,089.87 in fees and **DENIED in part** as to $7,605.87 in fees. The court also **DECLARES** that Ross must reimburse Padgett for ligation-related and VRP-related legal fees incurred after September 22, 2014.

**SO ORDERED** this 8th day of October 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.